

**ORDERED in the Southern District of Florida on December 23, 2020.**

_____
**Scott M. Grossman, Judge
United States Bankruptcy Court**
_____

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FT. LAUDERDALE DIVISION
www.flsb.uscourts.gov

| | |
|---|---|
| In Re: | Chapter 11 |
| WHOA NETWORKS, INC., a Florida Corp., | Case No.: 20-21883-BKC-SMG |
| WHOA NETWORKS, INC., a Delaware Corp. | Case No.: 20-21884-BKC-SMG |
| HIPSKIND TECHNOLOGY SOLUTIONS GROUP INCORPORATED, | Case No.: 20-21885-BKC-SMG |
| PLATINUM SYSTEMS HOLDINGS, LLC, | Case No.: 20-21886-BKC-SMG |
| Debtors._____/ | (Jointly Administered under Case No.: 20-21883-BKC-SMG) |

**AGREED ORDER GRANTING IN PART AND DENYING IN PART PNC EQUIPMENT FINANCE, LLC's VERIFIED MOTION FOR RELIEF FROM STAY, OR IN THE ALTERNATIVE, FOR ADEQUATE PROTECTION**

THIS MATTER came before the Court for hearing on December 16, 2020 at 1:30 p.m. (the "Hearing") upon the Verified Motion for Relief from Automatic Stay, or in the Alternative for Motion for Adequate Protection [ECF No. 51](the "Motion") filed by Creditor, PNC EQUIPMENT FINANCE, LLC ("PNCEF"). The Court, having reviewed and considered the Motion, having been informed by counsel at

1

the Hearing that the Debtor and PNCEF reached an agreement and settlement on the relief sought in the Motion in accordance with the terms set forth below, and being otherwise duly advised in the premises, finds that granting the Motion as set forth herein is in the best interest of the Debtors, their creditors and all parties in interest.  Accordingly, it is:

**ORDERED** as follows:

1.	The Motion is GRANTED in part in that the automatic stay arising by reason of 11 U.S.C. §362 is terminated only as to the Creditor's interest in that certain Tintri-SYS T820-VMstore T820 Storage Unit S/N 0210-1643-985 ("Tintri-SYS").

2.	Specifically, PNCEF is authorized, solely on an *in rem* basis, to take any and all steps necessary to exercise any and all rights and remedies it may have in respect of the Tintri-SYS, including to gain possession of the Tintri-SYS, and to exercise such other and further *in rem* relief as is available to PNCEF under applicable law.  PNCEF shall not be authorized to obtain *in personam* relief against the Debtor.  The Debtor has agreed to cooperate with PNCEF and ship the Tintri-SYS, within ten (10) days of the date of entry of this Order, to PNCEF c/o Omni Capital Corporation, W228 S7060 Enterprise Drive, Big Bend, Wisconsin 53103, Attn: Michelle Whitehouse (email: Michele@omnicapital.us Telephone number 262-662-9975).

3.	By consenting to this Order, the Debtor hereby waives the provision of Bankruptcy Rule 4001(a)(3) relating to the fourteen (14) day stay following the entry of this order granting relief from the automatic stay as to the Tintri-SYS.

4.	Subject to the terms of this Order, the balance of the relief sought in the Motion is denied, including as to (i) one (1) Cohesity C2305 SFP 4-Node Hyperconverged Block NAS Server, including attachments and accessories (the "Cohesity Server"), (ii) one (1) Cohesity C2000 Series Hyperconverged Nodes C2305-SFP DTPRT-1, including attachments and accessories (the "Cohesity Nodes"), (iii) one (1) Dell PowerEdge R740 Server, nine (9) VMware vCan VSPP, nine (9) VMware Production Level Support, and 74 VM Ware vSphere 4 Enterprise (collectively the "Dell Server"), (iv) all other property set forth in

that certain Equipment Finance Agreement attached as Exhibit D to the Motion (the "Cohesity Agreement") and (v) all other property set forth in that certain Equipment Finance Agreement attached as Exhibit F to the Motion (the "Dell Agreement").

5. PNCEF holds a first priority, perfected lien and security interest in the Cohesity Server, the Cohesity Nodes, and the Dell Server.

6. The Debtor and PNCEF have agreed that the fair market value of (i) the Cohesity Server, the Cohesity Nodes and any other property covered by the Cohesity Agreement as of the date hereof is $40,000.00, and (ii) the Dell Server and any other property covered by the Dell Agreement as of the date hereof is $10,000.00.

7. As a result, the Debtor and PNCEF have agreed that PNCEF (i) shall have an allowed secured claim for all purposes in these chapter 11 cases against Debtor, Whoa Network, LLC, a Florida corporation, in the amount of $40,000.00 in respect of the Cohesity Server, the Cohesity Nodes and any other property covered by the Cohesity Agreement (collectively, the "Cohesity Equipment"), and (ii) shall have an allowed secured claim for all purposes against Debtor, Whoa Network, LLC, a Florida corporation, in the amount of $10,000 in respect of the Dell Server and any other property covered by the Dell Agreement (collectively, the "Dell Equipment").

8. The Debtor and PNCEF have further agreed that the Debtor shall make adequate protection payments to PNCEF during the pendency of this Chapter 11 case in respect of the Cohesity Equipment and the Dell Equipment in the aggregate amount of $943.56 per month (the "Adequate Protection Payments") commencing January 20, 2021 and continuing on the same day of each month thereafter through either the effective date of a plan of reorganization in these Chapter 11 cases or the date of conversion or dismissal of these Chapter 11 cases. The Adequate Protection Payment are determined using an aggregate allowed secured claim in the amount of $50,000.00 with monthly principal and interest payments being paid over 60 months (the "Term") at an annual interest rate of 5%.

9. In any plan of reorganization filed by Debtor, Whoa Network, LLC, a Florida corporation,

in these Chapter 11 cases, the Debtors agree to separately classify the above allowed secured claims of PNCEF from all other classes of claims in such plan and agree to provide for the treatment of such allowed secured claims as set forth above, namely to continue making monthly payments in the amount of the Adequate Protection Payments to PNCEF for the Term, which payments, if and when made, will satisfy the allowed secured claims of PNCEF herein.   Subject to such treatment being provided in any such plan, PNCEF has agreed to vote to accept and otherwise support such plan that is not otherwise adverse to PNCEF.

10. The Adequate Protection Payments to be made hereunder shall be made by mail or overnight delivery to PNC Equipment Finance, LLC, Attn: Michael McGinley, 655 Business Center Drive, Suite 250, Horsham Pennsylvania 19044.

11. Any applicable sales tax and personal property tax associated with the Cohesity Equipment and the Dell Equipment shall be the responsibility of the Debtor.

12. The Debtor agrees to maintain insurance coverage on the Cohesity Equipment and the Dell Equipment in accordance with the terms of the Cohesity Agreement and the Dell Agreement.   The Debtor shall provide proof of said insurance within ten (10) days of the date of this Order.

13. Except as specifically modified herein, all provisions of the Cohesity Agreement and the Dell Agreement shall remain unchanged and in full force and effect and this Order shall not have any effect whatsoever on any personal guaranties, if any.

14. In the event the Debtor fails to make an Adequate Protection Payment as set forth herein, and such failure continues for a period of 3 business days after the due date thereof, then PNCEF shall email notification of the default to Debtor's counsel, Paul J. Battista, Esq., at pbattista@gjb-law.com.   The Debtor shall have a period of two (2) business days after such notice to cure such default. If the Debtor fails to cure such default, then PNCEF may file an affidavit reflecting such default, the notification to cure, and the failure of the Debtor to cure the default. The Debtor shall then have 3 business days to file a counter-affidavit with the Court stating all such that the Debtor asserts evidence that the Debtor is not in default of

this Order. If the Debtor fails to file a counter-affidavit by the deadline herein, then the automatic stay imposed by 11 U.S.C. §362 shall terminate as to the Cohesity Equipment and the Dell Equipment, at which time PNCEF shall be able to exercise any and all rights and remedies granted to it under the Cohesity Agreement, the Dell Agreement and under state and/or federal law and the Debtor shall fully cooperate and turnover the Coheisty Equipment and the Dell Equipment. In connection therewith, PNCEF shall submit an Order to the Court lifting the automatic stay imposed by 11 U.S.C. §362 with respect to the Cohesity Equipment and the Dell Equipment, which Order the Court may enter without further notice and hearing.

15. In the event this Chapter 11 case is dismissed or converted to a case under Chapter 7, then all Adequate Protection Payments made hereunder shall be applied to the debt in accordance with the terms set forth in the Cohesity Agreement and the Dell Agreements, and PNCEF shall be entitled to exercise any or all of its rights and remedies against the Cohesity Equipment and the Dell Equipment or the Debtor as permitted pursuant to paragraph 14 above without notice to the Debtor or further order of this Court.

16. Except as expressly modified by this Order, the terms and conditions of the Cohesity Agreement and the Dell Agreements shall continue to govern and control the dealings among the parties. Nothing in this Order is a waiver of any right of PNCEF against, or a cure of any default by any guarantor under his or her obligations or guaranties of the Cohesity Agreement and the Dell Agreements.

17. This Order shall not prejudice the rights of the Debtor or PNCEF to petition the Bankruptcy Court for additional relief in the event of changed circumstances.

# # #

Submitted by:
Paul J. Battista, Esq.
Genovese Joblove & Battista, P.A.
100 S.E. Second Street, 44th Floor
Miami, FL 33131
pbattista@gjb-law.com

Attorney Paul J. Battista, Esq., is directed to serve a copy of this Order on all interested parties who did not receive a copy of the Order via CM/ECF and to file a certificate of service within two (2) days of the entry of the Order.