**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT LAUDERDALE DIVISION**

| | |
|---|---|
| IN RE: | Chapter 11 |
| WHOA NETWORKS, INC., a Florida corp., | Case No.: 20-21883-BKC-SMG |
| WHOA NETWORKS, INC., a Delaware corp. | Case No.: 20-21884-BKC-SMG |
| HIPSKIND TECHNOLOGY SOLUTIONS GROUP INCORPORATED, | Case No.: 20-21885-BKC-SMG |
| PLATINUM SYSTEMS HOLDINGS, LLC, | Case No.: 20-21886-BKC-SMG |
| Debtors. | (Jointly Administered under |
| _____/ | Case No.: 20-21883-BKC-SMG) |

**U.S. BANK'S MOTION TO COMPEL ASSUMPTION OR**
**REJECTION OF EXECUTORY CONTRACTS AND**
**FOR ALLOWANCE OF ADMINISTRATIVE CLAIM**

U.S. Bank National Association d/b/a U.S. Bank Equipment Finance ("U.S. Bank"), by and through counsel, and for its Motion to Compel Assumption or Rejection of an Executory Contract by the Debtor Whoa Networks, Inc., a Florida corp. (the "Debtor"), pursuant to 11 U.S.C. § 365, and for Allowance of an Administrative Claim pursuant to 11 U.S.C. § 503 (the "Motion"), states as follows:

**JURISDICTION AND VENUE**

1. On October 29, 2020, the Debtor filed its voluntary petition for relief under Chapter 11 of the Bankruptcy Code (the "Petition Date").

2. On November 3, 2020, the Court granted the motion for joint administration of the above referenced bankruptcy cases.

3. Upon information and belief, the Debtor, pursuant to §§1107 and 1108 of the Bankruptcy Code, is continuing in the management, possession and operation of its business and property as a debtor-in-possession.

4.  The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§157 and 1334. This is a core proceeding within the meaning of 28 U.S.C. §157(b)(2)(A) and (G).

5.  Venue in this Court is proper pursuant to 28 U.S.C. §§1408 and 1409.

6.  The basis for the relief requested herein are §§105, 365 and 503 of the Bankruptcy Code, and Rule 6006 of the Federal Rules of Bankruptcy Procedure.

## BACKGROUND

### *a.  Agreement No. xx5346-000.*

7.  On June 19, 2019, Arrow Capital Solutions, Inc. ("Arrow"), as lender, and the Debtor, as borrower, entered into Software Payment Agreement No. ACS xx9-0006 (the "First Agreement"), wherein U.S. Bank agreed to finance the Debtor's acquisition of the following products: Twenty-six (26) Microsoft Hosted Exchange STD Licenses; Four (4) Microsoft Office Standard Licenses; Eight (8) Microsoft WinSvrDataCtr ALNG LicSAPk MVL 1 Proc; Four (4) Microsoft SQL Server Enterprise Core Licenses; Fourteen (14) Microsoft SQL Server Standard Core Licenses; One (1) VMware Service Provider License – 1800 PTS / 500 EVM; and professional services related thereto (the "First Products"). A true and correct copy of the First Agreement is attached hereto as **Exhibit 1**.

8.  Pursuant to the First Agreement, the Debtor agreed to make thirty-six (36) consecutive monthly payments in the amount of $3,180.45. *See* Exhibit 1.

9.  The Debtor signed a delivery and acceptance certificate verifying that the First Products were delivered, inspected and accepted. A true and correct copy of the delivery of acceptance certificate for the First Products is attached hereto as **Exhibit 2**.

10. On June 28, 2019, Arrow assigned all its right, title and interest in the First Agreement, First Products and right to payment under the First Agreement to U.S. Bank as set

forth in the Specification of Assigned Interest executed pursuant to the Master Sale Agreement dated April 21, 2014 entered between Arrow and U.S. Bank. The First Agreement was re-numbered and identified as U.S. Bank Contract No. xx5346-000 upon the assignment from Arrow. A true and correct copy of the Specification of Assigned Interest for the First Agreement is attached hereto as **Exhibit 3**.

11. U.S. Bank properly perfected its security interest in the First Products. True and correct copies of the UCC-1 financing statement for the First Products filed by Arrow on June 27, 2019 and the UCC-3 Financing Statement Amendment filed by U.S. Bank on February 27, 2020 are attached hereto as **Group Exhibit 4**.

12. The Debtor defaulted under the First Agreement by failing to make the payment due January 1, 2020, and all payments due thereafter.

    b. *Agreement No. xx5733-000.*

13. On July 17, 2019, Arrow, as lender, and the Debtor, as borrower, entered into Installment Payment Agreement No. ACS xx9-0006 (the "Second Agreement"), wherein U.S. Bank agreed to finance the Debtor's acquisition of the following products: One (1) Cohesity Storage C4300-SFP-36TB Hyperconverged 3 Node Block, including Cohesity Data Platform Standard Edition, subscription and support; Ten (10) Cohesity 10G Short Range Optical SFP Adapters ADP-SFP-10G-SR; Two (2) Microsoft SQL Server Enterprise Core Licenses; and Two (2) Microsoft SQL Server Standard Core Licenses (the "Second Products"). A true and correct copy of the Second Agreement is attached hereto as **Exhibit 5**.

14. Pursuant to the Second Agreement, the Debtor agreed to make sixty (60) consecutive monthly payments in the amount of $1,954.22. See Exhibit 5.

15. The Debtor signed a delivery and acceptance certificate verifying that the Second Products were delivered, inspected and accepted. A true and correct copy of the delivery of acceptance certificate for the Second Products is attached hereto as **Exhibit 6**.

16. On July 30, 2019, Arrow assigned all its right, title and interest in the Second Agreement, Second Products and right to payment under the Second Agreement to U.S. Bank as set forth in the Specification of Assigned Interest executed pursuant to the Master Sale Agreement dated April 21, 2014 entered between Arrow and U.S. Bank. The Second Agreement was re-numbered and identified as U.S. Bank Contract No. xx5733-000 upon the assignment from Arrow. A true and correct copy of the Specification of Assigned Interest for the Second Agreement is attached hereto as **Exhibit 7**.

17. U.S. Bank has properly perfected its security interest in the Second Products. True and correct copies of the UCC-1 financing statement for the Second Products filed by Arrow on July 24, 2019 and the UCC-3 Financing Statement Amendment filed by U.S. Bank on February 26, 2020 are attached hereto as **Group Exhibit 8**.

18. The Debtor defaulted under the Second Agreement by failing to make the payment due January 1, 2020, and all payments due thereafter.

19. U.S. Bank fully performed its obligations under the First Agreement and Second Agreement (the "Agreements").

20. On December 3, 2020, U.S. Bank filed its claim (Claim No. 10-1) in the amount of $201,111.07 against the Debtor.

21. Upon information and belief, the First Products and Second Products (collectively the "Products") remain in the exclusive possession and control of the Debtor.

22. Upon information and belief, there are no other entities that may have a legal or equitable interest in the Products.

## RELIEF SOUGHT

### *a.     Assumption or Rejection of Agreements.*

23. Section 365(a) of the Bankruptcy Code provides that a debtor, "subject to the court's approval, may assume or reject any executory contract ... of the debtor." See 11 U.S.C. § 365(a) (West 2021); see also Mission Prod. Holdings, Inc. v. Tempnology, LLC, 139 S. Ct. 1652, 1657–59, 203 L. Ed. 2d 876 (2019).  A contract is executory if performance remains due to some extent on both sides.  Tempnology, 139 S. Ct. at 1658.

24. Pursuant to Section 365(d)(2) of the Bankruptcy Code, the Court may order the debtor to assume or reject an executory contract within a specified period of time.  See 11 U.S.C. § 365(d)(2) (West 2021).  The Bankruptcy Court has broad discretion to determine whether to shorten the period for assumption or rejection of an executory contract.  In re Travelot Co., 286 B.R. 462 (Bankr. S.D. Ga. 2002) (bankruptcy court is empowered with discretion to establish an earlier deadline for assumption or rejection of an executory contract).

25. The Court should require the Debtor to make an immediate determination whether to assume or reject the Agreements, because U.S. Bank continues to perform under the Agreements by providing its Products, and can avoid further expense and post-petition claims against the estate if the Debtor does not agree that the Products are critical to its business operations.

26. Pursuant to §365(b)(1) of the Bankruptcy Code, if a debtor decides to assume an executory contract or unexpired lease, it must cure any default, or provide adequate assurance that the default will be promptly cured, compensate the creditor for all rents due and payable, and

provide adequate assurance of future performance for any future payments that come due under the terms of the executory contract or unexpired lease. See 11 U.S.C. § 365(b)(1) (West 2021).

27. Further, if the Debtor rejects the Agreements, then pursuant to §365(g) of the Bankruptcy Code, U.S. Bank is entitled to an allowed unsecured claim under the Agreements.

28. It is also appropriate for the Debtor to make an immediate determination of whether it will assume or reject the Agreement to avoid administrative expenses accruing from the Debtor's continued utilization of U.S. Bank's Products.

### B.     Request for Administrative Claim.

29. The Debtor has utilized U.S. Bank's Products since the commencement of this case.

30. U.S. Bank has not received post-petition payments for the Products provided.

31. To the extent that U.S. Bank's Products are critical to the continued operation of the business, pursuant to §503(a) and (b) of the Bankruptcy Code, amounts due U.S. Bank for the Products provided should be deemed an allowed administrative claim. See 11 U.S.C. § 503 (West 2021). Section 503(b) of the Bankruptcy Code provides that "there shall be allowed administrative expenses" for the "actual, necessary costs and expenses of preserving the estate." Id.

32. The Debtor should be required to make the payments due under the Agreements as an administrative cost of preserving the estate.

33. In the event the Agreements are rejected, U.S. Bank should be allowed an administrative claim for the amount due for Products provided from the Petition Date through and including the date the Agreements are rejected.

WHEREFORE, U.S. Bank National Association d/b/a U.S. Bank Equipment Finance respectfully requests that this Court enter an Order:

   a.    requiring the Debtor to assume or reject the Agreements pursuant to § 365(d)(2), and in the event that such Agreements are assumed, requiring the Debtor to cure all

       amounts due and owing under the Agreements, and provide adequate assurance of future performance;

b.    directing the Debtor to pay to U.S. Bank the amount due under the Agreements in accordance with 11 U.S.C. §§365(b)(1)(A) and 503(a); and

c.    granting such other and further relief as this Court deems just and proper.

Dated March 8, 2021

                THE LAW OFFICES OF RONALD S. CANTER, LLC,

                By:    /s/ Ronald S. Canter
                          RONALD S. CANTER
                          Florida Bar No. 335045
                          200A Monroe Street, Suite 104
                          Rockville, MD 20850
                          301-424-7490 (office)
                          301-424-7470 (fax)
                          301-943-6111 (cell)
                          rcanter@roncanterllc.com

                          400 S. Dixie Hwy. Suite 322
                          Boca Raton, FL 3342
                          *Local Address*

                          *Attorney for U.S. Bank National Association*
                          *d/b/a U.S. Bank Equipment Finance*

**CERTIFICATE OF SERVICE**

The undersigned does hereby certify that a true and correct copy of the foregoing has been filed by CM/ECF on March 9, 2021, and that an electronic copy will be furnished to all parties on the electronic notice list by transmission of Notices of Electronic Filing generated by CM/ECF. I also certify that a true and correct copy of the foregoing was served via First Class Mail, Postage Prepaid on March 9, 2021 to:

Whoa Networks, Inc., a Florida Corporation
7261 Sheridan Street, #340
Hollywood, FL 3304-2708


/s/ Ronald S. Canter
Ronald S. Canter, Esquire
*Attorney for U.S. Bank National Association d/b/a U.S. Bank Equipment Finance*