## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF FLORIDA
## FORT LAUDERDALE DIVISION
www.flsb.uscourts.gov

| | |
|---|---|
| **In re:** | Chapter 11 |
| | |
| **WHOA NETWORKS, INC.,** a Florida Corp. | Case No. 20-21883-BKC-SMG |
| **WHOA NETWORKS, INC.,** a Delaware Corp. | Case No. 20-21884-BKC-SMG |
| **HIPSKIND TECHNOLOGY SOLUTIONS GROUP, INCORPORATED,** | Case No. 20-21885-BKC-SMG |
| **PLATINUM SYSTEMS HOLDINGS, LLC,** | Case No. 20- 21886-BKC-SMG |
| **Debtors.** | (Jointly Administered Under Case No. 20-21883-BKC-SMG) |
| _____/ | |

### DEBTOR'S RESPONSE AND OBJECTION TO MOTION OF U.S. BANK TO COMPEL ASSUMPTION OR REJECTION OF EXECUTORY CONTRACT AND FOR ALLOWANCE OF ADMINISTRATIVE CLAIM

**WHOA NETWORKS, INC.,** a Florida Corporation (the "Debtor"), by and through its undersigned counsel, files its Response and Objection (this "Response") to the *Motion of U.S. Bank to Compel Assumption or Rejection of Executory Contract and for Allowance of Administrative Claim* [ECF No. 150] (the "Motion"). In support thereof, the Debtor respectfully represents as follows:

### BACKGROUND

1. On October 29, 2020 (the "Petition Date"), each of the Debtors filed a voluntary petition in this Court for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code"). Since that time, the above captioned Debtors have operated as debtors-in-possession pursuant to Sections 1107 and 1108 of the Bankruptcy Code.

2. As of the date hereof, no creditors' committee has been appointed in these cases. In addition, no trustee or examiner has been appointed.

3. For a detailed description of the Debtors, their operations and assets and liabilities, the Debtors respectfully refer the Court and parties-in-interest to the *Declaration of Mark Amarant in Support of Chapter 11 Petitions and First Day Motions* filed with the Court contemporaneously herewith (the "First Day Declaration")[ECF No.10].

## **RESPONSES AND OBJECTIONS TO THE MOTION**

**A.     The Agreements which are the subject of the Motion are not executory contract or unexpired leases.**

4. The Motion seeks to compel the Debtor to assume or reject a Software Payment Agreement and an Instalment Payment Agreement (collectively, the "U.S. Bank Agreements"), each of which U.S. Bank asserts is as an executory contract, pursuant to Section 365 of the Bankruptcy Code.

5. The Motion is fatally flawed and should be denied because the U.S. Bank Agreements are simply **not** executory contracts subject to assumption or rejection. Under the widely accepted "Countryman" definition of an executory contract, a contract is only executory in nature if the "obligation of both the bankrupt and the other party to the contract are so far unperformed that the failure of either to complete performance would constitute a material breach excusing the performance of the other." *In re Driscoll*, 401 B.R. 512, 517 (Bankr. S.D. Fla. 2009).

6. In the Motion as it relates to the Software Payment Agreement, U.S. Bank describes itself as a "lender" and the Debtor as a "borrower," and further describes the transaction as "U.S. Bank agreed to finance the Debtor's acquisition of" certain products. *See* Motion at ¶7. U.S. Bank also refers to its "properly perfected" security interest in such products. *Id.* at ¶11.

7. Similarly, with respect to the Installment Payment Agreement, U.S. Bank describes itself as a "lender" and the Debtor as a "borrower," and further describes the transaction as "U.S. Bank agreed to finance the Debtor's acquisition of" certain products. *See* Motion at ¶13. U.S.

Bank also refers to its "properly perfected" security interest in such products. *Id.* at ¶17.

8. Based on the above descriptions of the U.S. Bank Agreements in the Motion, as well as a review of the U.S. Bank Agreements attached to the Motion, U.S. Bank loaned money to the Debtor to acquire certain products or to pay certain bills. As a result and by definition, there are no material unperformed obligations of U.S. Bank or the Debtor under the U.S. Bank Agreements other than for the Debtor to make monthly payments thereon.

9. As such, the U.S. Bank Agreements are not executory contracts subject to assumption or rejection under Section 365 of the Bankruptcy Code, and therefore Section 365 of the Bankruptcy Code is inapplicable to this situation.

10. Therefore, the Motion should be denied.

**B.     U.S. Bank is not entitled to an administrative expense claim for the post-petition monthly payments due under the U.S. Bank Agreements.**

11. The Motion also seeks the allowance of an administrative expense claim measured by the monthly payments of principal and interest due under the U.S. Bank Agreements from and after the Petition Date under Section 503(a) and (b) of the Bankruptcy Code. To that end, U.S. Bank asserts that such monthly payments of principal and interest are the "actual, necessary costs and expenses of preserving the estate."

12. U.S. Bank's request for the allowance of an administrative expense claim under Section 503(b) is misplaced. At most, U.S. Bank, as an alleged secured creditor, is potentially entitled to adequate protection of its interest in the products that it financed (and which continue to exist), and in which it asserts a perfected security interest under Sections 361, 362 and 363 of the Bankruptcy Code. Such adequate protection may take the form of an administrative expense claim. However, the analysis starts with Section 507(b) of the Bankruptcy Code, and is measured by the decrease, or diminution, in the value of U.S. Bank's interest in such property caused by the

imposition of the automatic stay. It is not measured by the monthly payments of principal and interest due under the respective loan agreements.

13. Moreover, a grant of adequate protection only covers the creditor from the date that the motion for adequate protection is filed. *See, e.g.*, *In re Longbine*, 256 B.R. 470, 474 (Bankr. S.D. Tex. 2000); *In re Best Products, Inc.*, 138 B.R. 155, 158 (Bankr. S.D.N.Y. 1992) ("the motion date controls"). To be clear, the Motion filed by U.S. Bank does not seek a grant of adequate protection under Section 507(b) or Section 361. However, even if the Court were to concluded that the request for an administrative expense claim in the Motion under Section 503(b) is in fact a request for adequate protection under Sections 361 and 507(b), then such request does not apply retroactively back to the Petition Date as U.S. Bank asserts. It would only apply from the date of the Motion forward.

14. Still further, the burden of proof on the entitlement and allowance of an administrative expense claim under Section 503(b) based on the "actual, necessary costs and expenses of preserving the estate" is on U.S. Bank as the claimant. *See In re Ocean Blue Leasehold Properties, LLC*, 414 B.R. 798, 809 (Bankr. S.D. Fla. 2009).

15. In the present case, U.S. Bank cannot meet its burden of proof because (i) substantially all of the "products" that the Debtor "purchased" with the financing provided by U.S. Bank have been consumed, ie. software licenses that have expired, or (ii) proceeds from the U.S. Bank financing were used to pay certain of the then existing obligations of the Debtor, including professional fees. As such, there are very few remaining assets against which U.S. Bank can assert a lien.

    **C.**    **The Debtor has offered to resolve the Motion with U.S. Bank.**

16. After receipt of the Motion and notwithstanding the issues outlined above, the

Debtor evaluated the equipment covered by U.S. Bank's financing and recently made a proposal to U.S. Bank to resolve the Motion and provide certain adequate protection payments, including proposing to agree to the fair market value of the equipment covered, allowing such value to be the basis of a secured claim against the Debtor's bankruptcy estate and agreeing to commence making adequate protection payments in connection therewith.  The Debtors understand that U.S. Bank is evaluating the Debtor's proposal and has asked for additional information, which the Debtor has gathered and is providing to U.S. Bank in an effort to resolve the Motion on a consensual basis in advance of the hearing on March 17, 2021.

17. In the event the parties cannot reach agreement on an adequate protection package for U.S. Bank, then the Debtor requests that the Court deny the Motion for the reasons set forth above.

**WHEREFORE** the Debtor respectfully requests that the Court enter an Order denying the Motion for the reasons stated above, (ii) in the alternative, if the Debtor and U.S. Bank reach an agreement on adequate protection, then approve the terms thereof to be announced to the Court, and (iii) granting such other and further relief as the Court may deem just and appropriate.

Dated this 15th day of March, 2021.

Respectfully submitted,

**GENOVESE JOBLOVE & BATTISTA, P.A.**
*Attorneys for Debtors-in-Possession*
100 Southeast Second Street, Suite 4400
Miami, Florida 33131
Telephone: (305) 349-2300
Facsimile : (305) 349-2310

By: ___/s/ *Paul J. Battista*___
     Paul J. Battista, Esq.
     Florida Bar No. 884162
     pbattista@gjb-law.com
     Mariaelena Gayo-Guitian, Esq.

Fla. Bar No. 0813818
mguitian@gjb-law.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on March 15, 2021, I electronically filed the foregoing Motion with the Clerk of the Court using CM/ECF. I also certify that the foregoing Motion is being served this day by transmission of Notices of Electronic Filing generated by CM/ECF to those parties registered to receive electronic notices of filing in this case.

By: /s/*Paul J. Battista*
Paul J. Battista, Esq.
Florida Bar No. 884162
pbattista@gjb-law.com