**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT LAUDERDALE DIVISION**

IN RE:                                                         Chapter 11

WHOA NETWORKS, INC., a Florida corp.,          Case No.: 20-21883-BKC-SMG
WHOA NETWORKS, INC., a Delaware corp.         Case No.: 20-21884-BKC-SMG
HIPSKIND TECHNOLOGY SOLUTIONS              Case No.: 20-21885-BKC-SMG
GROUP INCORPORATED,
PLATINUM SYSTEMS HOLDINGS, LLC,              Case No.: 20-21886-BKC-SMG

                    Debtors.                            (Jointly Administered under
_____/                Case No.: 20-21883-BKC-SMG)

**U.S. BANK'S MOTION FOR RELIEF FROM**
**AUTOMATIC STAY OR, IN THE ALTERNATIVE,**
**MOTION TO COMPEL PAYMENT OF ADEQUATE PROTECTION**

U.S. Bank National Association d/b/a U.S. Bank Equipment Finance ("U.S. Bank"), by
and through its counsel, respectfully moves this Court for an order modifying the automatic stay
pursuant to 11 U.S.C. §362 to allow U.S. Bank to repossess certain collateral from Debtor
Hipskind Technology Solutions Group Incorporated ("Hipskind" or the "Debtor"), or, in the
alternative, an order compelling Debtor to make adequate protection payments pursuant to 11
U.S.C. §§ 361 and 363 (the "Motion"). In support of the Motion, U.S. Bank states as follows:

**JURISDICTION AND VENUE**

1.      The Court has jurisdiction in regard to this matter pursuant to 28 U.S.C. §§ 157 and
1334. The statutory predicates for the relief requested in this Motion are 11 U.S.C. §§ 361, 362
and 363.

2.      On October 29, 2020, the Debtor filed its voluntary petition for relief under Chapter
11 of the Bankruptcy Code (the "Petition Date").

3.      On November 3, 2020, the Court granted the motion for joint administration of the
above referenced bankruptcy cases.

1

4.      The Debtor, as Debtor in Possession, has continued in possession of its property, pursuant to 11 U.S.C. §§1107 and 1108.

5.      Venue is proper in this court pursuant to 28 U.S.C. § 1409 as the relief requested by this Motion constitutes a proceeding arising under and related to Debtor's Chapter 11 bankruptcy proceeding which is currently pending before this court.

## BACKGROUND

6.      On July 13, 2018, Western Equipment Finance, Inc. ("Western"), as lender, and Hispkind, as borrower, entered into Master Equipment Finance Agreement No. xx8973-E (the "Master Equipment Finance Agreement") wherein Western agreed to provide financing to the Debtor secured by items of collateral described in any schedule executed in connection therewith. See Master Equipment Finance Agreement attached hereto as **Exhibit 1**.

7.      On or about July 18, 2018, Western and the Debtor entered into Schedule No. xx8972 to the Master Equipment Finance Agreement (the Master Equipment Finance Agreement and Schedule No. xx8972 are collectively identified as the "Agreement") wherein Western financed the Debtor's acquisition of the computer equipment identified on Schedule A attached thereto, including six (6) Dell Poweredge R640 Servers, five (5) Dell Networking Port Switches, eleven (11) Dell Networking Transceivers, and Professional Services (the "Collateral").  A true and correct copy of Schedule No. xx8972 is attached hereto as **Exhibit 2**.

8.      Pursuant to Schedule No. xx8972, the Debtor agreed to make sixty (60) consecutive monthly payments in the amount of $3,173.50.  See Exhibit 2.

9.      The Debtor signed a delivery and acceptance certificate verifying that the Collateral was delivered, inspected and is operating satisfactorily in all respects for all of the Debtor's

intended uses and purposes.  A true and correct copy of the delivery of acceptance certificate for the Collateral is attached hereto as **Exhibit 3**.

10.     On September 25, 2018, Western assigned all its right, title and interest in the Agreement, Collateral and right to payment under the Agreement to U.S. Bank as set forth in the Assignment Schedule No. 15 made pursuant to the Master Assignment Agreement dated December 19, 2013 entered between Western and U.S. Bank.  A true and correct copy of the Assignment Schedule for the Agreement is attached hereto as **Exhibit 4**.

11.     U.S. Bank has properly perfected its security interest in the Collateral.  True and correct copies of the UCC-1 financing statement for the Collateral filed by Western on July 16, 2018 and the UCC-3 Financing Statement Amendment filed by U.S. Bank on March 5, 2020 are attached hereto as **Group Exhibit 5**.

12.     The Debtor defaulted under the Agreement by failing to make the payment due January 15, 2020, and all payments due thereafter.

13.     U.S. Bank fully performed its obligations under the Agreement.

14.     On December 3, 2020, U.S. Bank filed its claim (Claim No. 5-1) in the amount of $133,763.03 against the Debtor.

15.     U.S. Bank estimates the value of the Collateral at $23,888.00, depending on condition and mode of sale.

16.     The value of the Collateral is less than the amount due U.S. Bank.  As such, the Debtor has no equity interest in the Collateral.

17.     Upon information and belief, the Collateral remains in the exclusive possession and control of the Debtor.

18.     U.S. Bank does not know if the Collateral is insured or otherwise safe from damage.

19.    Upon information and belief, there are no other entities that may have a legal or equitable interest in the Collateral.

## **RELIEF SOUGHT**

*A.    **Relief from Stay.***

20.    Section 362(d) of the Bankruptcy Code provides that:

(d)    On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying or conditioning such stay-

(1)    for cause, including the lack of adequate protection of an interest in property of such party in interest;

(2)    with respect to a stay of an act against property under subsection (a) of this section, if-

(A) the debtor does not have an equity in such property; and

(B) such property is not necessary for an effective reorganization.

See 11 U.S.C. §362(d) (West 2021); see also In re Feingold, 730 F.3d 1268, 1277 (11th Cir. 2013); In re Ramos, 357 B.R. 669, 671 (Bankr. S.D. Fla. 2006).

21.    The amount of U.S. Bank's claim is $133,763.03, which exceeds the value of the Collateral of $23,888.00.

22.    Cause exists to modify the automatic stay, because the Debtor has no equity in the Collateral.

23.    The Collateral is not necessary for an effective reorganization.

24.    The Collateral continues to depreciate, thereby diminishing U.S. Bank's interest in the Collateral.

25.    U.S. Bank will suffer irreparable damage if the relief requested is not granted immediately, as the interest of U.S. Bank is not adequately protected.

26.     The automatic stay must be terminated or modified to allow U.S. Bank to liquidate the Collateral to afford U.S. Bank the opportunity to minimize its losses and claims against the Debtor.

**B.      *Adequate Protection of U.S. Bank's Interest in the Collateral.***

27.     Section 363(e) of the Bankruptcy Code requires that adequate protection be given to an entity whose interest in the property is affected by the debtor's use, sale, or lease of property. See 11 U.S.C. §363(e) (West 2021); see also In re George Ruggiere Chrylser-Plymouth, Inc., 727 F.2d 1017, 1019 (11th Cir. 1984) (court shall condition use of secured property as is necessary to provide adequate protection of such interest).

28.     Section 361 of the Bankruptcy Code provides that when adequate protection of an interest in property is required under §363, such adequate protection may be provided by way of cash payments, the granting of additional liens, or such other relief as will result in the realization by such entity of the indubitable equivalent of such entity's interest in such property.

29.     If the Debtor claims that the Collateral is necessary for an effective reorganization and intends to retain possession and use of the Collateral, then this Court, pursuant to § 363(e) of the Bankruptcy Code, should condition the continued use of the Collateral on the Debtor's payment of adequate protection to U.S. Bank to protect U.S. Bank's interest in the Collateral, including, at a minimum, cure of all post-petition defaults and requiring periodic cash payments to U.S. Bank thereafter.

30.     U.S. Bank will suffer irreparable damage if such relief is not granted immediately, as the Debtor has no equity in the Collateral, the interest of U.S. Bank is not adequately protected, and the Collateral continues to depreciate.

WHEREFORE, U.S. Bank National Association d/b/a U.S. Bank Equipment Finance respectively requests:

      a.    that the automatic stay be modified or terminated to permit U.S. Bank to dispose of the Collateral;

      b.    that the provisions of Bankruptcy Rule 4001(a)(3) not apply to this Order modifying the stay;

      c.    that, if relief from stay is not granted as to the Collateral, in the alternative the Debtor be ordered to cure all post-petition defaults and pay to U.S. Bank regular payments for post-petition possession and use of the Collateral; and requiring the Debtor to continue making monthly installment payments to U.S. Bank until such time as the Collateral may be surrendered to U.S. Bank; and

      d.    that U.S. Bank have such other and further relief as this Court deems just and proper.

Dated: March 18, 2021

THE LAW OFFICES OF RONALD S. CANTER, LLC,

By:    /s/Ronald S. Canter
        Ronald S. Canter, Esquire
        Florida Bar No. 335045
        200A Monroe Street, Suite 104
        Rockville, MD 20850
        301-424-7490 (office)
        301-424-7470 (fax)
        301-943-6111 (cell)
        rcanter@roncanterllc.com

        400 S. Dixie Hwy. Suite 322
        Boca Raton, FL 3342
        *Local Address*

        *Attorney for U.S. Bank National Association*
        *d/b/a U.S. Bank Equipment Finance*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned does hereby certify that a true and correct copy of the foregoing has been filed by CM/ECF on March 18, 2021, and that a copy will be furnished to all parties required to receive notice under the Federal Rules of Bankruptcy Procedure and this Court's Local Rules, either by transmission of an electronic copy to the electronic notice list by transmission of Notices of Electronic Filing generated by CM/ECF or by mail.  I also certify that a true and correct copy of the foregoing was served via First Class Mail, Postage Prepaid on March 18, 2021 to:

Hipskind Technology Solutions Group, Inc.
W220 22nd Street, Suite 450
Villa Park, IL 60181

/s/ Ronald S. Canter
Ronald S. Canter, Esquire
*Attorney for U.S. Bank National*
*Association d/b/a U.S. Bank Equipment*
*Finance*