**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FT. LAUDERDALE DIVISION**
**www.flsb.uscourts.gov**

In Re:                                                          Chapter 11

**WHOA NETWORKS, INC., a Florida Corp.,**          **Case No.: 20-21883-BKC-SMG**
**WHOA NETWORKS, INC., a Delaware Corp.**          **Case No.: 20-21884-BKC-SMG**
**HIPSKIND TECHNOLOGY SOLUTIONS**                  **Case No.: 20-21885-BKC-SMG**
  **GROUP INCORPORATED,**
**PLATINUM SYSTEMS HOLDINGS, LLC,**               **Case No.: 20-21886-BKC-SMG**

          **Debtors.**                             **(Jointly Administered under**
_____/                  **Case No.: 20-21883-BKC-SMG)**

**STIPULATION AND JOINT MOTION FOR ENTRY OF AGREED**
**ORDER GRANTING ADEQUATE PROTECTION AND RELATED**
**RELIEF TO HEWLETT-PACKARD FINANCIAL SERVICES COMPANY**

**WHOA NETWORKS, INC.,** (the "Whoa Florida Debtor") and **HIPSKIND**

**TECHNOLOGY SOLUTIONS GROUP INCORPORATED,** (the "Hipskind Debtor") two  of

the four above-captioned debtors (collectively, the "Debtors") and secured creditor, Hewlett-

Packard Financial Services Company ("Creditor" or "HPFSC") by and through their respective

counsel, hereby stipulate, agree and jointly move the Court for entry of an Agreed Order in the

form attached hereto as **Exhibit "A"** approving the agreement between the Whoa Florida Debtor,

Hipskind Debtor and HPFSC (collectively, the "Parties") (A) providing for adequate protection of

the secured claim of HPFSC by the Hipskind Debtor, and (B) other related relief (the "Motion").

In support of the Motion, the Parties state as follows:

I.      **JURISDICTION**

        1.      The Court has jurisdiction over this stipulation and joint Motion pursuant to 28 U.S.C.

§§ 157 and 1334.

        2.      The Motion is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

3.      Venue of the Motion, and the Case, is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## II.    BACKGROUND

4.      On October 29, 2020 (the "Petition Date"), each of the Debtors filed a voluntary petition in this Court for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code"). Since that time, the Debtors have operated as debtors-in-possession pursuant to Sections 1107 and 1108 of the Bankruptcy Code.

5.      As of the date hereof, no creditors' committee has been appointed in these cases. In addition, no trustee or examiner has been appointed.

6.      For a detailed description of the Debtors, their operations and assets and liabilities, the Debtors respectfully refer the Court and parties-in-interest to the *Declaration of Mark Amarant in Support of Chapter 11 Petitions and First Day Motion*s filed with the Court contemporaneously herewith (the "First Day Declaration")[ECF No.10].

## III.    EQUIPMENT FINANCING AGREEMENTS

### A.    Whoa Florida Debtor

7.      Prior to the Petition Date, Whoa Florida Debtor was a party to the following equipment financing agreements:

(i)      that certain Business Lease Agreement dated January 30, 2017 (Lease Agreement No. 522721772767082USA3), and Amendments thereto (the "USA3 Agreement");

(ii)      that certain Business Lease Agreement dated June 21, 2017 (Lease Agreement No. 522721772767105USA4) and Amendments thereto (the "USA4 Agreement"); and

(iii)      that certain Business Lease Agreement dated September 20, 2017 (Lease Agreement No. 522721772792646USA5) and Amendments thereto (the "USA5 Agreement"),

2

(USA3 Agreement, USA4 Agreement and USA5 Agreements shall be collectively referred to as the "Lease Agreements"). A copy of the USA Financing Agreements, their respective Amendments, Schedule A and UCC are attached to the Motion.

8.     On December 8, 2020, HPFSC filed a Proof of Claim (Claim #14) asserting an unsecured claim in the amount of $178,078.31 (the "Unsecured Claim").

**B.     Hipskind Debtor**

9.     Prior to the Petition Date, the Hipskind Debtor was a party to the following secured financing agreements:

(i)     Note and Security Agreement dated March 29, 2018 (Agreement No. 5398294827000001) (the "Hipskind March 2018 Note") in the principal amount of $195,400.00; and

(ii)     Note and Security Agreement dated July 13, 2018 (Agreement No. 5398294827000002) (the "Hipskind July 2018 Note") in the principal amount of $161,342.72 (collectively, the "Note Agreements").

10.     On December 16, 2020, HPFSC filed a Proof of Claim (Claim #7) asserting a secured claim in the amount of $273,799.29 (the "Hipskind Secured Claim").

## IV.     STIPULATION

**A.     Whoa Florida Debtor**

11.     As of the Petition Date, HPFSC represents and warrants that the amount due and owing under the Lease Agreements was $178,078.31 (the " Whoa Florida Claim Amount").

12.     The Parties have agreed that the Lease Agreements relate solely to professional services and not equipment financing. As a result, the Whoa Florida Debtor and HPFSC have agreed that HPFSC shall have an allowed general unsecured claim for all purposes in these chapter

11 cases against the Whoa Florida Debtor in the amount of $178,078.31 ("HPFSC Whoa Florida Unsecured Claim").

      **B.**      **Hipskind Debtor**

13.      As of the Petition Date, HPFSC represents and warrants that the amount due and owing under the Note Agreements was $273,799.29 (the "Hipskind Claim Amount").

14.      The Parties have agreed that the Note Agreements are secured financing agreements whereby HPFSC asserts a security interest and/or lien upon the equipment and/or other personal property more specifically described in **Exhibit "B"** attached hereto (collectively, the "HPFSC Equipment" or the "Collateral")[1] and has a fair market value of $75,000.00. As a result, the Hipskind Debtor and HPFSC have agreed that HPFSC shall have an allowed secured claim for all purposes in these chapter 11 cases against the Hipskind Debtor in the amount of $75,000.00 ("HPFSC Secured Claim") in respect of the HPFSC Equipment and a general unsecured claim in the amount of $198,799.29 ("HPFSC Hipskind Unsecured Claim").

15.      In connection with the foregoing, the Parties have agreed that the Hipskind Debtor shall make adequate protection payments to HPFSC during the pendency of this Chapter 11 case in respect of the HPFSC Equipment in the amount of $1,415.34 per month (the "Adequate Protection Payment") commencing March 29, 2021 and continuing on the same day of each month thereafter through either the effective date of a plan of reorganization in these Chapter 11 cases or the date of conversion or dismissal of these Chapter 11 cases.

16.      The Adequate Protection Payment was determined by fully amortizing the aggregate allowed HPFSC Secured Claim in the amount of $75,000.00 through equal monthly

---

1  Claim #7 filed by HPFSC did not include a copy of Exhibit 1 (Financed Items) to Exhibit A to the Note Agreements. Accordingly, the Exhibit describing the HPFSC Equipment is attached hereto as Exhibit "B".

payments of principal and interest over 60 months (the "Term") at an annual interest rate of 5.0%.

17.    The Parties further agreed that in connection with any plan of reorganization filed by the Hipskind Debtor or Debtors in these Chapter 11 cases, the Debtors agree to separately classify the HPFSC Secured Claim from all other classes of claims in such plan and provide for the treatment of such allowed HPFSC Secured Claim as set forth hereinabove, namely to continue making monthly Adequate Protection Payments to HPFSC for the Term, which payments, if and when paid, will satisfy the allowed HPFSC Secured Claim in full. Subject to such treatment being provided in any such plan, HPFSC has agreed to vote any and all of its allowed HPFSC Secured Claim and HPFSC Hipskind Unsecured Claim to accept and otherwise support such plan.

18.    The Adequate Protection Payment agreed to by the Parties shall be made by wire transfer pursuant to instructions to be provided by HPFSC. Any notices to HPFSC shall be sent to Hewlett-Packard Financial Services Company, 200 Connell Drive, Suite 5000, Berkeley Heights, NJ 07922. Attn: Diane Morgan, Corporate Counsel, email: diane.morgan@hpe.com.

19.    Any applicable sales tax and personal property tax associated with the HPFSC Equipment shall be the responsibility of the Hipskind Debtor.

20.    The Hipskind Debtor agrees to maintain insurance coverage on the HPFSC Equipment in accordance with the terms of the HPFSC Agreement.

21.    In the event the Hipskind Debtor fails to make the Adequate Protection Payments as set forth herein, and such failure continues for a period of three (3) business days after the due date thereof, then HPFSC shall email notification of the default to Debtors counsel, Paul J. Battista, Esq., at pbattista@gjb-law.com. The Hipskind Debtor shall have a period of two (2) business days after such notice to cure such default. If the Hipskind Debtor fails to cure such default, then HPFSC may file an affidavit reflecting such default, the notification to cure, and the failure of the Hipskind

Debtor to cure the default. The Hipskind Debtor shall then have three (3) business days to file a counter-affidavit with the Court stating that the Hipskind Debtor is not in default. If the Hipskind Debtor fails to file a counter-affidavit by the deadline herein, then the automatic stay imposed by 11 U.S.C. §362 shall terminate as to the HPFSC Equipment, at which time HPFSC shall be able to exercise any and all rights and remedies granted to it under the Note Agreements and under applicable state and/or federal law. In connection therewith, HPFSC shall submit an Order to the Court lifting the automatic stay imposed by 11 U.S.C. §362 with respect to the HPFSC Equipment, which Order the Court may enter without further notice and hearing.

22.     In the event the Hipskind Debtor Chapter 11 case is dismissed or converted to a case under Chapter 7, then all Adequate Protection Payments made hereunder shall be applied to the debt in accordance with the terms set forth in the Note Agreements, and HPFSC shall be entitled to exercise any or all of its rights and remedies against the HPFSC Equipment or the Hipskind as permitted pursuant to paragraph 21 above without further notice to the Hipskind Debtor or further order of the Court.

23.     Based upon the foregoing, the Parties ask the Court to enter an order approving this Stipulation and approving all adequate protection payments made by the Hipskind Debtor to HPFSC and other related relief.

**WHEREFORE**, the Parties respectfully request that the Court (a) enter the Agreed Order attached hereto as **Exhibit "A"**; and (b) grant such further relief as may be just and proper.

Dated this 23rd day of March 2021.

Respectfully Submitted,

**GENOVESE JOBLOVE & BATTISTA, P.A.**
*Attorneys for Debtors-in-Possession*
100 Southeast Second Street, Suite 4400
Miami, Florida 33131

6

Telephone: (305) 349-2300
Facsimile: (305) 349-2310

By:   /s/ *Mariaelena Gayo-Guitian*
        Paul J. Battista, Esq.
        Florida Bar No. 884162
        pbattista@gjb-law.com
        Mariaelena Gayo-Guitian, Esq.
        Florida Bar No. 813818
        mguitian@gjb-law.com

**-AND-**

**HEWLETT PACKARD ENTERPRISE**

By:   /s/ *Kyle Frankeny*
Kyle Frankeny, Corporate Counsel, CSM&A
Telephone: (888) 342-2156
E: kyle.frankeny@hpe.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a copy of the foregoing was served via CM/ECF Notification

and or U.S. Mail to all listed below on this 23rd day of March, 2021.

By:   /s/     *Mariaelena Gayo-Guitian*
        Mariaelena Gayo-Guitian
        Florida Bar No. 0813818
        mguitian@gjb-law.com

7

## SERVICE LIST

### *Served Via CM/ECF Notification*

Vincent F Alexander on behalf of Creditor Fidelity Funding Services, LLC
vincent.alexander@lewisbrisbois.com,
claudia.pena@lewisbrisbois.com;ftlemaildesig@lewisbrisbois.com

Paul J. Battista, Esq on behalf of Debtor Hipskind Technology Solutions Group, Incorporated
pbattista@gjb-law.com, gjbecf@gjb-law.com;chopkins@gjb-law.com;jzamora@gjb-law.com;gjbecf@ecf.courtdrive.com;vlambdin@gjb-law.com

Paul J. Battista, Esq on behalf of Debtor Platinum Systems Holdings, LLC
pbattista@gjb-law.com, gjbecf@gjb-law.com;chopkins@gjb-law.com;jzamora@gjb-law.com;gjbecf@ecf.courtdrive.com;vlambdin@gjb-law.com

Paul J. Battista, Esq on behalf of Debtor Whoa Networks, Inc., a Delaware Corporation
pbattista@gjb-law.com, gjbecf@gjb-law.com;chopkins@gjb-law.com;jzamora@gjb-law.com;gjbecf@ecf.courtdrive.com;vlambdin@gjb-law.com

Paul J. Battista, Esq on behalf of Debtor Whoa Networks, Inc., a Florida Corporation
pbattista@gjb-law.com, gjbecf@gjb-law.com;chopkins@gjb-law.com;jzamora@gjb-law.com;gjbecf@ecf.courtdrive.com;vlambdin@gjb-law.com

Paul J. Battista, Esq on behalf of Interested Party Hipskind Technology Solutions Group, Incorporated
pbattista@gjb-law.com, gjbecf@gjb-law.com;chopkins@gjb-law.com;jzamora@gjb-law.com;gjbecf@ecf.courtdrive.com;vlambdin@gjb-law.com

Paul J. Battista, Esq on behalf of Interested Party Platinum Systems Holdings, LLC
pbattista@gjb-law.com, gjbecf@gjb-law.com;chopkins@gjb-law.com;jzamora@gjb-law.com;gjbecf@ecf.courtdrive.com;vlambdin@gjb-law.com

Paul J. Battista, Esq on behalf of Interested Party Whoa Networks, Inc., a Delaware Corporation
pbattista@gjb-law.com, gjbecf@gjb-law.com;chopkins@gjb-law.com;jzamora@gjb-law.com;gjbecf@ecf.courtdrive.com;vlambdin@gjb-law.com

Denise D Dell-Powell on behalf of Creditor Western Equipment Finance, Inc.
ddpowell@deanmead.com, mgodek@deanmead.com

Mariaelena Gayo-Guitian on behalf of Debtor Hipskind Technology Solutions Group, Incorporated
mguitian@gjb-law.com, gjbecf@gjb-law.com;vlambdin@gjb-law.com;cesser@gjb-law.com;chopkins@gjb-law.com;gjbecf@ecf.courtdrive.com

Mariaelena Gayo-Guitian on behalf of Debtor Platinum Systems Holdings, LLC

mguitian@gjb-law.com, gjbecf@gjb-law.com;vlambdin@gjb-law.com;cesser@gjb-law.com;chopkins@gjb-law.com;gjbecf@ecf.courtdrive.com

Mariaelena Gayo-Guitian on behalf of Debtor Whoa Networks, Inc., a Delaware Corporation
mguitian@gjb-law.com, gjbecf@gjb-law.com;vlambdin@gjb-law.com;cesser@gjb-law.com;chopkins@gjb-law.com;gjbecf@ecf.courtdrive.com

Mariaelena Gayo-Guitian on behalf of Debtor Whoa Networks, Inc., a Florida Corporation
mguitian@gjb-law.com, gjbecf@gjb-law.com;vlambdin@gjb-law.com;cesser@gjb-law.com;chopkins@gjb-law.com;gjbecf@ecf.courtdrive.com

Heather L Harmon, Esq on behalf of Debtor Whoa Networks, Inc., a Florida Corporation
HHarmon@gjb-law.com, gjbecf@gjb-law.com;ecastellanos@gjb-law.com;gjbecf@ecf.courtdrive.com;jzamora@gjb-law.com

Heather L Harmon, Esq on behalf of Interested Party Hipskind Technology Solutions Group, Incorporated
HHarmon@gjb-law.com, gjbecf@gjb-law.com;ecastellanos@gjb-law.com;gjbecf@ecf.courtdrive.com;jzamora@gjb-law.com

Heather L Harmon, Esq on behalf of Interested Party Platinum Systems Holdings, LLC
HHarmon@gjb-law.com, gjbecf@gjb-law.com;ecastellanos@gjb-law.com;gjbecf@ecf.courtdrive.com;jzamora@gjb-law.com

Heather L Harmon, Esq on behalf of Interested Party Whoa Networks, Inc., a Delaware Corporation
HHarmon@gjb-law.com, gjbecf@gjb-law.com;ecastellanos@gjb-law.com;gjbecf@ecf.courtdrive.com;jzamora@gjb-law.com

Mark Journey on behalf of Creditor Broward County
mjourney@broward.org, swulfekuhle@broward.org

Buffey E Klein on behalf of Creditor Johnson Bank
buffey.klein@huschblackwell.com, legalsupportteam-dreamteam-dal@huschblackwell.com;buffey-klein-8494@ecf.pacerpro.com

Office of the US Trustee
USTPRegion21.MM.ECF@usdoj.gov

David A Ray, Esq. on behalf of Creditor Dell Financial Services L.L.C.
dray@draypa.com, draycmecf@gmail.com;sramirez.dar@gmail.com;drabrams620@gmail.com

Jason A Rosenthal on behalf of Creditor Bank of the West
jason@therosenthallaw.com, jmorando@therosenthallaw.com;jennifer@therosenthallaw.com

Richard B. Storfer, Esq. on behalf of Creditor Balboa Capital Corporation

9

rstorfer@rprslaw.com

Richard B. Storfer, Esq. on behalf of Creditor De Lage Landen Financial Services, Inc.
rstorfer@rprslaw.com

Sabrina L Streusand on behalf of Creditor Dell Financial Services L.L.C.
streusand@slollp.com, villa@slollp.com

Howard S Toland on behalf of Creditor Radius Bank
htoland@mitrani.com

J. Steven Wilkes on behalf of U.S. Trustee Office of the US Trustee
steven.wilkes@usdoj.gov

Charles R Woolley on behalf of Creditor U.S. Bank Equipment Finance
rwoolley@askounisdarcy.com, adarcy@askounisdarcy.com

George L. Zinkler on behalf of Creditor Balboa Capital Corporation
gzinkler.ecf@rprslaw.com

George L. Zinkler on behalf of Creditor De Lage Landen Financial Services, Inc.
gzinkler.ecf@rprslaw.com

Eric B Zwiebel, Esq on behalf of Creditor LEAF Capital Funding, LLC
eric.zwiebel@emzwlaw.com, eservice@emzwlaw.com

Eric B Zwiebel, Esq on behalf of Creditor PNC Equipment Finance, LLC
eric.zwiebel@emzwlaw.com, eservice@emzwlaw.com

# __EXHIBIT A__

(Proposed Order)

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FT. LAUDERDALE DIVISION**
**www.flsb.uscourts.gov**

In Re:

                                  **Chapter 11**

**WHOA NETWORKS, INC., a Florida Corp.,**    **Case No.: 20-21883-BKC-SMG**
**WHOA NETWORKS, INC., a Delaware Corp.**   **Case No.: 20-21884-BKC-SMG**
**HIPSKIND TECHNOLOGY SOLUTIONS**     **Case No.: 20-21885-BKC-SMG**
   **GROUP INCORPORATED,**
**PLATINUM SYSTEMS HOLDINGS, LLC,**     **Case No.: 20-21886-BKC-SMG**

        **Debtors.**                   **(Jointly Administered under**
_____/         **Case No.: 20-21883-BKC-SMG)**

**AGREED ORDER APPROVING STIPULATION AND GRANTING**
**ADEQUATE PROTECTION AND RELATED RELIEF TO**
**HEWLETT-PACKARD FINANCIAL SERVICES COMPANY**

     **THIS MATTER** came before the Court on the *Stipulation and Joint Motion For Entry of*

*Agreed Order Granting Adequate Protection and Related Relief To Hewlett-Packard Financial*

*Services Company* [ECF No. _____] (the "Motion"). The Court, having reviewed and considered

the Motion, having been informed that the Debtors, Whoa Networks, LLC, (the "Whoa Florida

Debtor") and Hipskind Technology Solutions Group, Inc., (the "Hipskind Debtor") two of the four

12

above-captioned debtors (collectively, the "Debtors") and secured creditor, Hewlett-Packard

Financial Services Company ("Creditor" or "HPFSC") have agreed to the terms of this Stipulation

and Agreed Order, and being otherwise duly advised in the premises, finds that granting the Motion

and entering the Stipulation and Agreed Order as set forth herein is in the best interest of the

Debtors, their creditors and all parties in interest. Accordingly, it is:

ORDERED as follows:

1.      The Motion is **GRANTED** as set forth herein.

2.      The Whoa Florida Debtor and HPFSC have agreed that the Lease Agreements

(USA3 Agreement, USA4 Agreement and USA5 Agreement as defined in the Motion) by and

between the Whoa Florida Debtor and HPFSC relate solely to professional services and not

equipment financing. As a result, the Whoa Florida Debtor and HPFSC have agreed that HPFSC

shall have an allowed general unsecured claim for all purposes in these chapter 11 cases against

the Whoa Florida Debtor in the amount of $178,078.31 ("HPFSC Whoa Florida Unsecured

Claim").

3.      The Whoa Florida Debtor and HPFSC have further agreed that the Note

Agreements (as defined in the Motion ) are secured financing agreements whereby HPFSC asserts

a security interest and/or lien upon the equipment and/or other personal property more specifically

described in **Exhibit "A"** attached hereto (collectively, the "HPFSC Equipment" or the

"Collateral")[2] and has a fair market value of $75,000.00.   As a result, the Hipskind Debtor and

HPFSC have agreed that HPFSC shall have an allowed secured claim for all purposes in these

chapter 11 cases against the Hipskind Debtor in the amount of $75,000.00 ("HPFSC Secured

---

2  Claim #7 filed by HPFSC did not include a copy of Exhibit 1 (Financed Items) to Exhibit A to the Note Agreements.
Accordingly, the Exhibit describing the HPFSC Equipment is attached hereto as Exhibit "B".

Claim") in respect of the HPFSC Equipment and a general unsecured claim in the amount of $198,799.29 ("HPFSC Hipskind Unsecured Claim").

4.      In connection with the foregoing, the Parties have agreed that the Hipskind Debtor shall make adequate protection payments to HPFSC during the pendency of this Chapter 11 case in respect of the HPFSC Equipment in the amount of $1,415.34 per month (the "Adequate Protection Payment") commencing March 29, 2021 and continuing on the same day of each month thereafter through either the effective date of a plan of reorganization in these Chapter 11 cases or the date of conversion or dismissal of these Chapter 11 cases.

5.      The Adequate Protection Payment was determined by fully amortizing the aggregate allowed HPFSC Secured Claim in the amount of $75,000.00 through equal monthly payments of principal and interest over 60 months (the "Term") at an annual interest rate of 5.0%.

6.      In any plan of reorganization filed by the Hipskind Debtor or Debtors in these Chapter 11 cases, the Debtors agree to separately classify the HPFSC Secured Claim from all other classes of claims in such plan and provide for the treatment of such allowed HPFSC Secured Claim as set forth hereinabove, namely to continue making monthly Adequate Protection Payments to HPFSC for the Term, which payments, if and when paid, will satisfy the allowed HPFSC Secured Claim in full. Subject to such treatment being provided in any such plan, HPFSC has agreed to vote any and all of its allowed claims (HPFSC Secured Claim, HPFSC Unsecured Claim and HPFSC Whoa Florida Unsecured Claim) to accept and otherwise support such plan.

7.      The Adequate Protection Payment agreed to by the Parties shall be made by wire transfer pursuant to instructions to be provided by HPFSC. Any notices to HPFSC shall be sent to Hewlett-Packard Financial Services Company, 200 Connell Drive, Suite 5000, Berkeley Heights, NJ 07922. Attn: Diane Morgan, Corporate Counsel, email: diane.morgan@hpe.com.

14

8.     Any applicable sales tax and personal property tax associated with the HPFSC Equipment shall be the responsibility of the Hipskind Debtor.

9.     The Hipskind Debtor agrees to maintain insurance coverage on the HPFSC Equipment in accordance with the terms of the HPFSC Agreement.

10.     In the event the Hipskind Debtor fails to make the Adequate Protection Payments as set forth herein, and such failure continues for a period of three (3) business days after the due date thereof, then HPFSC shall email notification of the default to Debtors counsel, Paul J. Battista, Esq., at pbattista@gjb-law.com. The Hipskind Debtor shall have a period of two (2) business days after such notice to cure such default. If the Hipskind Debtor fails to cure such default, then HPFSC may file an affidavit reflecting such default, the notification to cure, and the failure of the Hipskind Debtor to cure the default. The Hipskind Debtor shall then have three (3) business days to file a counter-affidavit with the Court stating that the Hipskind Debtor is not in default. If the Hipskind Debtor fails to file a counter-affidavit by the deadline herein, then the automatic stay imposed by 11 U.S.C. §362 shall terminate as to the HPFSC Equipment, at which time HPFSC shall be able to exercise any and all rights and remedies granted to it under the Note Agreements and under applicable state and/or federal law. In connection therewith, HPFSC shall submit an Order to the Court lifting the automatic stay imposed by 11 U.S.C. §362 with respect to the HPFSC Equipment, which Order the Court may enter without further notice and hearing.

11.     In the event the Hipskind Debtor Chapter 11 case is dismissed or converted to a case under Chapter 7, then all Adequate Protection Payments made hereunder shall be applied to the debt in accordance with the terms set forth in the Note Agreements, and HPFSC shall be entitled to exercise any or all of its rights and remedies against the HPFSC Equipment or the

Hipskind as permitted pursuant to paragraph 10 above without further notice to the Hipskind

Debtor or further order of the Court.

# # #

**<u>Submitted by:</u>**
Mariaelena Gayo-Guitian, Esq.
*Counsel for Debtors-in-Possession*
Genovese Joblove & Battista, P.A.
100 S.E. Second Street, 44th Floor
Miami, FL 33131
mguitian@gjb-law.com

Attorney Mariaelena Gayo-Guitian, Esq., is directed to serve a copy of this Order on all interested parties who did not receive a copy of the Order via CM/ECF and to file a certificate of service within two (2) days of the entry of the Order.

# **<u>EXHIBIT B</u>**

(Hewlett-Packard Equipment List)

| Customer Name | Schedule Number | Vendor | Invoice # | Serial # | Invoice Date | Manufacturer | Part Number |
|---|---|---|---|---|---|---|---|
| Hipskind Technology Solutions Group, Incorporated | 5398294827000002 | CorpITGroupInc. | 10334 | | 7/12/2018 | Dell | 210-AIMP |
| Hipskind Technology Solutions Group, Incorporated | 5398294827000002 | CorpITGroupInc. | 10334 | | 7/12/2018 | Dell | 407-BBOR |
| Hipskind Technology Solutions Group, Incorporated | 5398294827000002 | CorpITGroupInc. | 10334 | | 7/12/2018 | Dell | 210-AIMO |
| Hipskind Technology Solutions Group, Incorporated | 5398294827000002 | CorpITGroupInc. | 10334 | | 7/12/2018 | Dell | 210-AKWU |
| Hipskind Technology Solutions Group, Incorporated | 5398294827000002 | CorpITGroupInc. | 10334 | | 7/12/2018 | Generic | INSTALL |
| Hipskind Technology Solutions Group, Incorporated | 5398294827000002 | CorpITGroupInc. | 10334 | | 7/12/2018 | Dell | 407-BBOR |
| Hipskind Technology Solutions Group, Incorporated | 5398294827000002 | CorpITGroupInc. | 10334 | | 7/12/2018 | Dell | 210-AKWU |

| Category | Tier | Equipment Description | Quantity | Currency | Unit Price in deal currency |
|---|---|---|---|---|---|
| NETWO | ALL | S3148P Network Switch, 48 10/100/1000Mbps Ports, 2 SFP+ Ports | 3.00 | USD | 7,437.86 |
| NETWO | ALL | 1000BaseSX SFP Transceiver | 1.00 | USD | 164.50 |
| NETWO | ALL | S3124P Network Switch, 24 10/100/1000Mbps Ports, 2 SFP+ Ports | 3.00 | USD | 4,498.66 |
| PC_SE | NCT1 | PowerEdge R640 Rack Base, No CPU, 0 RAM, No HD | 4.00 | USD | 18,453.56 |
| SOFT2 | SFT2 | Installation Service | 1.00 | USD | 7,940.00 |
| NETWO | ALL | 1000BaseSX SFP Transceiver | 10.00 | USD | 164.50 |
| PC_SE | NCT1 | PowerEdge R640 Rack Base, No CPU, 0 RAM, No HD | 2.00 | USD | 15,984.71 |

| Lease Rate Factor | Equipment Location | Customer PO | Term | Adv/Arr | Pay Frequency |
|---|---|---|---|---|---|
| 0.019960 | 17220 22nd Street, Suite 450, Oakbrook Terrace, IL, 60181, UNITED STATES | | 60 | ADV | MONTHLY |
| 0.019960 | 17220 22nd Street, Suite 450, Oakbrook Terrace, IL, 60181, UNITED STATES | | 60 | ADV | MONTHLY |
| 0.019960 | 17220 22nd Street, Suite 450, Oakbrook Terrace, IL, 60181, UNITED STATES | | 60 | ADV | MONTHLY |
| 0.019960 | 17220 22nd Street, Suite 450, Oakbrook Terrace, IL, 60181, UNITED STATES | | 60 | ADV | MONTHLY |
| 0.019960 | 17220 22nd Street, Suite 450, Oakbrook Terrace, IL, 60181, UNITED STATES | | 60 | ADV | MONTHLY |
| 0.019960 | 17220 22nd Street, Suite 450, Oakbrook Terrace, IL, 60181, UNITED STATES | | 60 | ADV | MONTHLY |
| 0.019960 | 17220 22nd Street, Suite 450, Oakbrook Terrace, IL, 60181, UNITED STATES | | 60 | ADV | MONTHLY |

| Billing Method | Family Indicator | Parent Asset | Extended Price in deal currency | Rent Deal Currency |
|---|---|---|---|---|
| INVOICING STARTS ON ACCEPTANCE DATE | Parent | | 22,313.58 | 445.38 |
| INVOICING STARTS ON ACCEPTANCE DATE | Parent | | 164.50 | 3.28 |
| INVOICING STARTS ON ACCEPTANCE DATE | Parent | | 13,495.98 | 269.38 |
| INVOICING STARTS ON ACCEPTANCE DATE | Parent | | 73,814.24 | 1,473.33 |
| INVOICING STARTS ON ACCEPTANCE DATE | Parent | | 7,940.00 | 158.48 |
| INVOICING STARTS ON ACCEPTANCE DATE | Parent | | 1,645.00 | 32.83 |
| INVOICING STARTS ON ACCEPTANCE DATE | Parent | | 31,969.42 | 638.11 |

| Customer Name | Schedule Number | Vendor | Invoice # | Serial # | Invoice Date | Manufacturer |
|---|---|---|---|---|---|---|
| Hipskind Technology Solutions Group, Incorporated | 5398294827000001 | TECHNIJIAN, INC. | 32720186 | SSI213702QL SSI213702PZ | 3/29/2018 | Cisco |
| Hipskind Technology Solutions Group, Incorporated | 5398294827000001 | TECHNIJIAN, INC. | 32720186 | | 3/29/2018 | Generic |
| Hipskind Technology Solutions Group, Incorporated | 5398294827000001 | TECHNIJIAN, INC. | 32720186 | | 3/29/2018 | APC |
| Hipskind Technology Solutions Group, Incorporated | 5398294827000001 | TECHNIJIAN, INC. | 32720186 | | 3/29/2018 | Generic |
| Hipskind Technology Solutions Group, Incorporated | 5398294827000001 | TECHNIJIAN, INC. | 32720186 | | 3/29/2018 | Generic |
| Hipskind Technology Solutions Group, Incorporated | 5398294827000001 | TECHNIJIAN, INC. | 32720186 | | 3/29/2018 | Cisco |
| Hipskind Technology Solutions Group, Incorporated | 5398294827000001 | TECHNIJIAN, INC. | 32720186 | FOC2013U07B | 3/29/2018 | Cisco |
| Hipskind Technology Solutions Group, Incorporated | 5398294827000001 | TECHNIJIAN, INC. | 32720186 | | 3/29/2018 | Cisco |
| Hipskind Technology Solutions Group, Incorporated | 5398294827000001 | TECHNIJIAN, INC. | 32720186 | | 3/29/2018 | Cisco |
| Hipskind Technology Solutions Group, Incorporated | 5398294827000001 | TECHNIJIAN, INC. | 32720186 | | 3/29/2018 | Cisco |
| Hipskind Technology Solutions Group, Incorporated | 5398294827000001 | TECHNIJIAN, INC. | 32720186 | | 3/29/2018 | Cisco |
| Hipskind Technology Solutions Group, Incorporated | 5398294827000001 | TECHNIJIAN, INC. | 32720186 | SAL 1914 CYAY | 3/29/2018 | Cisco |
| Hipskind Technology Solutions Group, Incorporated | 5398294827000001 | TECHNIJIAN, INC. | 32720186 | FOX2147P15N | 3/29/2018 | Cisco |
| Hipskind Technology Solutions Group, Incorporated | 5398294827000001 | TECHNIJIAN, INC. | 32720186 | | 3/29/2018 | NOBRAND |
| Hipskind Technology Solutions Group, Incorporated | 5398294827000001 | TECHNIJIAN, INC. | 32720186 | | 3/29/2018 | APC |
| Hipskind Technology Solutions Group, Incorporated | 5398294827000001 | TECHNIJIAN, INC. | 32720186 | FLM2205012Q FLM22050172 FLM220500T4 FLM220503J5 FLM220500UQ | 3/29/2018 | Cisco |

| Part Number | Category | Tier | Equipment Description | Quantity | Currency |
|---|---|---|---|---|---|
| UCS-SP-FI48P | NETWO | CISCON | UCS SmartPlay Select 6248UP Fabric Interconnect Switch, 32 SFP+ Ports | 2.00 | USD |
| INSTALL | SOFT2 | SFT2 | Installation Service | 1.00 | USD |
| AP8959 | NETWO | CISCON | Switched Power Distribution Unit, 16A, 230V | 1.00 | USD |
| GWARR | SOFT | MAINT | Warranty | 1.00 | USD |
| GWARR | SOFT | MAINT | Warranty | 5.00 | USD |
| UCS-CPU-E52630E | PC_SE | NCT1 | 2.20GHz Intel Xeon E5-2630v4 10-Core Processor, 25MB L3 Cache, 2133MHz FSB | 10.00 | USD |
| WS-C3850-48T-S | NETWO | CISCON | Catalyst 3850 LAN Switch, 48 x 1Gbps Ports, 350W AC PS, IP Base SW | 1.00 | USD |
| C3850-NM-4-10G | NETWO | CISCON | 4 Port Ethernet Network Module, 4 x 10Gbps SFP+ Ports | 1.00 | USD |
| GLC-T | NETWO | CISCON | 1000BaseT Gigabit Ethernet SFP | 4.00 | USD |
| UCS-MR-1X322RV-A | PC_SE | NCT1 | 32GB DDR4 SDRAM DIMM, 2133MHz | 40.00 | USD |
| UCSB-MLOM-40G-03 | PC_SE | NCT1 | Virtual Interface Card | 5.00 | USD |
| N9K-C9372PX | NETWO | CISCON | Nexus 9300 Platform Switch, 48 11/0G SFP+ Ports, 6 40Gbps QSFP+ Ports | 1.00 | USD |
| UCS-SP-5108-AC | PC_SE | NCT1 | UCS 5108 AC2 Blade Server Enclosure, No HDs, 8 Bays, No PS, 8 Fans | 1.00 | USD |
| SHIPPING | SOFT2 | SFT2 | Shipping/Freight | 1.00 | USD |
| AP8959 | NETWO | CISCON | Switched Power Distribution Unit, 16A, 230V | 1.00 | USD |
| UCSB-B200-M4-U | PC_SE | NCT1 | Unified Computing System B200 M4 Blade Server, No CPU, 0 RAM, No HD, Upgd | 5.00 | USD |

| Unit Price in deal currency | Lease Rate Factor | Equipment Location | Customer PO | Term |
|---:|---|---|---:|---:|
| 8,315.00 | 0.019880 | 17220 22nd Street, Suite 450, Oakbrook Terrace, IL, 60181, UNITED STATES | | 60 |
| 15,513.38 | 0.019880 | 17220 22nd Street, Suite 450, Oakbrook Terrace, IL, 60181, UNITED STATES | | 60 |
| 1,579.29 | 0.019880 | 17220 22nd Street, Suite 450, Oakbrook Terrace, IL, 60181, UNITED STATES | | 60 |
| 622.44 | 0.019880 | 17220 22nd Street, Suite 450, Oakbrook Terrace, IL, 60181, UNITED STATES | | 60 |
| 750.00 | 0.019880 | 17220 22nd Street, Suite 450, Oakbrook Terrace, IL, 60181, UNITED STATES | | 60 |
| 1,050.00 | 0.019880 | 17220 22nd Street, Suite 450, Oakbrook Terrace, IL, 60181, UNITED STATES | | 60 |
| 5,750.00 | 0.019880 | 17220 22nd Street, Suite 450, Oakbrook Terrace, IL, 60181, UNITED STATES | | 60 |
| 1,544.00 | 0.019880 | 17220 22nd Street, Suite 450, Oakbrook Terrace, IL, 60181, UNITED STATES | | 60 |
| 195.00 | 0.019880 | 17220 22nd Street, Suite 450, Oakbrook Terrace, IL, 60181, UNITED STATES | | 60 |
| 1,285.00 | 0.019880 | 17220 22nd Street, Suite 450, Oakbrook Terrace, IL, 60181, UNITED STATES | | 60 |
| 1,145.00 | 0.019880 | 17220 22nd Street, Suite 450, Oakbrook Terrace, IL, 60181, UNITED STATES | | 60 |
| 23,750.00 | 0.019880 | 17220 22nd Street, Suite 450, Oakbrook Terrace, IL, 60181, UNITED STATES | | 60 |
| 9,926.60 | 0.019880 | 17220 22nd Street, Suite 450, Oakbrook Terrace, IL, 60181, UNITED STATES | | 60 |
| 2,200.00 | 0.019880 | 17220 22nd Street, Suite 450, Oakbrook Terrace, IL, 60181, UNITED STATES | | 60 |
| 1,579.29 | 0.019880 | 17220 22nd Street, Suite 450, Oakbrook Terrace, IL, 60181, UNITED STATES | | 60 |
| 8,830.00 | 0.019880 | 17220 22nd Street, Suite 450, Oakbrook Terrace, IL, 60181, UNITED STATES | | 60 |

| Adv/Arr | Pay Frequency | Billing Method | Family Indicator | Parent Asset | Extended Price in deal currency |
|---------|---------------|----------------|------------------|--------------|--------------------------------:|
| ADV | MONTHLY | INVOICING STARTS ON ACCEPTANCE DATE | Parent | | 16,630.00 |
| ADV | MONTHLY | INVOICING STARTS ON ACCEPTANCE DATE | Parent | | 15,513.38 |
| ADV | MONTHLY | INVOICING STARTS ON ACCEPTANCE DATE | Parent | | 1,579.29 |
| ADV | MONTHLY | INVOICING STARTS ON ACCEPTANCE DATE | Parent | | 622.44 |
| ADV | MONTHLY | INVOICING STARTS ON ACCEPTANCE DATE | Parent | | 3,750.00 |
| ADV | MONTHLY | INVOICING STARTS ON ACCEPTANCE DATE | Parent | | 10,500.00 |
| ADV | MONTHLY | INVOICING STARTS ON ACCEPTANCE DATE | Parent | | 5,750.00 |
| ADV | MONTHLY | INVOICING STARTS ON ACCEPTANCE DATE | Parent | | 1,544.00 |
| ADV | MONTHLY | INVOICING STARTS ON ACCEPTANCE DATE | Parent | | 780.00 |
| ADV | MONTHLY | INVOICING STARTS ON ACCEPTANCE DATE | Parent | | 51,400.00 |
| ADV | MONTHLY | INVOICING STARTS ON ACCEPTANCE DATE | Parent | | 5,725.00 |
| ADV | MONTHLY | INVOICING STARTS ON ACCEPTANCE DATE | Parent | | 23,750.00 |
| ADV | MONTHLY | INVOICING STARTS ON ACCEPTANCE DATE | Parent | | 9,926.60 |
| ADV | MONTHLY | INVOICING STARTS ON ACCEPTANCE DATE | Parent | | 2,200.00 |
| ADV | MONTHLY | INVOICING STARTS ON ACCEPTANCE DATE | Parent | | 1,579.29 |
| ADV | MONTHLY | INVOICING STARTS ON ACCEPTANCE DATE | Parent | | 44,150.00 |

| Rent Deal Currency |
| --- |
| 330.60 |
| |
| 308.41 |
| 31.40 |
| 12.37 |
| 74.55 |
| 208.74 |
| 114.31 |
| 30.69 |
| 15.51 |
| 1,021.83 |
| 113.81 |
| 472.15 |
| 197.34 |
| 43.74 |
| 31.40 |
| 877.70 |